MoKennan, C. J.
The only defence set up and relied upon in this case is that the complainant E. G. Kneeland is not the first and original inventor of the device described and •claimed in his patent. • This defence rests entirely upon alleged prior invention by one Bobert M. Davis. The decisive question, then, in the case is one of dates.
It would not be profitable to collate the proofs on this point. That Kneeland conceived the idea of his invention in 1863; that he described it partially to different persons after-wards; that he made sketches, and had a drawing of it made in the summer of 1864; and that he was diligent in reducing it to a practical form, and in obtaining a patent for it, is all •satisfactorily shown.
The precise date of the occurrence of these facts does not appear, but it is evident that the statements of the witnesses on this point are approximately correct, because, from the nature of the transactions stated, they must have occurred, if the witnesses are to be believed at all, sometime anterior to the date of the application for the patent, which was February 27, 1865. ■
It is not satisfactorily proved that before the date of Knee-land’s invention, thus established, the device of Davis was made and used. There is at least plausible reason for the inference that the conception of Davis’ valve was not matured in his own mind earlier than the latter part of 1864, .and was not constructed and used until sometime during the *902 year 1865. This, at least, seems'to me to he clear, that the conception and description of Davis’ valve is not carried back by any witness to the time when it is shown Kneeland described and sketched his invention in the early part of September, 1864. That this is the latest period.at which Knee-land’s invention can be fixed is settled by numerous decisions. As was said in Reeves v. The Keystone Bridge Co., 1 Off. Gaz. 466: “ But a patentee, whose patent is assailed upon the ground of want of novelty, may show, by sketches and drawings, the date of his inceptive invention, and if he has exercised reasonable diligence in perfecting and adapting it, and in applying for his patent, its protection will be carried back to such date.”
Kneeland’s inceptive invention was the earliest, and he was diligent in perfecting and adapting it, and in applying for his patent. He is, therefore, prior in right to Davis, and is. entitled to a decree as prayed for.
Let a decree accordingly be prepared.